**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE ANTONIO CHAVEZ GUILLEN,<br><br>Petitioner,<br><br>v.<br><br>CIMARRON CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1419-D |

**ORDER**

Petitioner Jose Antonio Chavez Guillen filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of El Salvador who was detained by the U.S. Immigration and Customs Enforcement (ICE) on or bout March 14, 2026. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A).

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On October 2, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 12], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).

Respondents filed a timely Objection to Report and Recommendation [Doc. No. 13]. However, in their objection, Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin* controls the outcome of this case. [Doc. No. 13, at 1]; *see*

*Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents add that the Court should decline to address additional claims given Judge Erwin's recommendation that a bond hearing is the appropriate remedy.

The Court agrees with Judge Erwin that 8 U.S.C. § 1226, not § 1225(b)(2)(A), applies to Petitioner's detention. The Court further agrees with Judge Erwin that a bond hearing is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 3rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.